UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXTENGINE INC., <br><br> Plaintiff, <br><br> v. <br><br> NEXTENGINE, INC., and MARK S. KNIGHTON, <br><br> Defendants. | Civil Action No.: 17-cv-9785 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, NextEngine Inc. ("Plaintiff" or "NextEngine NY"), by and through its attorneys, Morton & Associates LLP, and as for its Complaint against Defendants NextEngine, Inc. ("NextEngine CA") and Mark S. Knighton (collectively the "Defendants"), alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1.      This is an action pursuant to (i) the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, for direct infringement by Defendant NextEngine CA of U.S. Patent No(s). 6,639,684 (the '684 Patent), 6,980,302 (the '302 Patent), 7,659,995 (the '995 Patent), and 7,995,834 (the '834 Patent) (collectively the "Registered Patents"), (ii) 35 U.S.C. §§ 100, *et seq.*, for Defendant Knighton's indirect infringement of the Registered Patents, (iii) the Lanham Act, 15 U.S.C. § 1114(a) for trademark infringement by Defendant NextEngine CA of U.S. Registration No(s). 3,519,716 (the '716 Registration) and 3,275,625 (the '625 Registration) (collectively the "Registered Marks"), (iv) 15 U.S.C. § 1114(a) for Defendant Knighton's contributory infringement of the Registered Marks, (v) 15 U.S.C. § 1125(a) for Defendant NextEngine CA's unfair competition and (vi) 15 U.S.C. § 1125(a) for Defendant Knighton's contributory unfair competition.

## PARTIES

2.      NextEngine NY is a corporation duly organized and existing under the laws of the

State of New York, having its principal place of business at 246 West Broadway,

New York, NY 10013.

3.      NextEngine CA is a corporation existing under the laws of the State of Delaware,

with a principal place of business at 401 Wilshire Boulevard, 9th Floor, Santa Monica,

CA 90401.

4.      Mark S. Knighton is an individual domiciled at 1920 La Mesa Drive, Santa

Monica, CA 90402.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims

pursuant to 15 U.S.C. § 1121 and over all patent claims pursuant to 28 U.S.C. §§

1331 and 1338.

6.      This Court has personal jurisdiction over Defendants pursuant to New York Civil

Practice Law and Rules ("C.P.L.R.") § 302(a)(1) because, upon information and

belief, Defendants transact and solicit business on a regular, systemic and continuous

basis within the State of New York and contract to supply infringing goods into the

State of New York. Plaintiff's claims arise out of these transactions, solicitations and

contracts by Defendants within the State of New York.

7.      This Court has personal jurisdiction over Defendants pursuant to C.P.L.R. §

302(a)(2) because, upon information and belief, Defendants, by selling, offering to

sell and inducing the sale of infringing goods to New York residents, have

committed, and continue to commit, tortious acts of patent and trademark infringement and unfair competition within the State of New York.

8.      This Court has personal jurisdiction over Defendants pursuant to C.P.L.R. § 302(a)(3)(i)-(ii) because, upon information and belief, Defendants, by manufacturing, selling, offering to sell and inducing the sale of infringing goods without the state, have committed, and continue to commit, tortious acts of patent and trademark infringement and unfair competition causing injury to a New York Plaintiff. Moreover, upon information and belief, Defendants regularly transact and solicit business and derive substantial revenue from infringing goods sold within New York and expect, or reasonably should expect, the infringing sales to have consequences in New York by virtue of deriving substantial revenue from interstate and international commerce.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because, *inter alia*, NextEngine New York's principal place of business is in this District and the Registered Patents and Registered Marks have been assigned to NextEngine NY and because, upon information and belief, Defendants have committed and continue to commit substantial acts of willful patent and trademark infringement and unfair competition in this District, *e.g.* selling, offering to sell and inducing the sale of goods that infringe upon Plaintiff's intellectual property to the residents of this District.

## PATENTS-IN-SUIT

10.     On October 28, 2003, the '684 Patent, entitled "Digitizer Using Intensity Gradient to Image Features of Three-Dimensional Objects", was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO").

11.    On December 27, 2005, the '302 Patent, entitled "Three Dimensional Digitizer
Using Multiple Methods", was duly and lawfully issued by the USPTO as a division
of the '684 Patent.

12.    On September 2, 2010, the '995 Patent, entitled "Digitizer Using Plural Capture
Methods to Image Features of 3-D Objects", was duly and lawfully issued by the
USPTO as a continuation of the '302 Patent.

13.    On September 8, 2011, the '834 Patent, entitled "Multiple Laser Scanner", was
duly and lawfully issued by the USPTO.

14.    Plaintiff is the assignee and exclusive owner of all right, title and interest in the
Registered Patents, including the right to assert all causes of action arising under said
patents and the right to any remedies resulting from their infringement.

**MARKS-IN-SUIT**

15.    Plaintiff is the exclusive owner of the '716 Registration for the standard character
mark NEXTENGINE, registered with the USPTO on October 21, 2008, for use in
connection with the following International Class 9 goods: "scanners, computer
controlled turntables for rotating objects, image scanning software, computer
software for use in the field of three-dimensional modeling, and computer aided
design software."

16.    Plaintiff is the exclusive owner of the '625 Registration for the stylized 'gear'
logo, illustrated below, registered with the USPTO on August 7, 2007, for use in
connection with the following International Class 9 goods: "computer software to
facilitate the capture, manipulation and transmission of data for the purpose of
modeling real objects; peripherals, robotic positioners; image capture devices,

namely, scanners, digitizers and cameras; computer software to permit manipulation of images and graphical data; computer e-commerce software to allow users to perform electronic business transactions via the global computer network; computer software used to facilitate the purchasing of items in e-commerce environments; computer software for sending and receiving electronic mail; computer software that provides solutions for e-commerce activities, namely, computer software used to develop end products, namely, computer software development tools, computer graphics software, and computer software to enhance the audio-visual capabilities of multimedia applications, namely, for the integration of text, audio, graphics, still images and moving pictures."



17.     Plaintiff is the assignee and exclusive owner of all right, title and interest in the Registered Marks, together with the associated goodwill, including the right to assert all causes of action arising under said marks and the right to any remedies resulting from their infringement.

## FACTUAL BACKGROUND

### NextEngine Develops its Three Dimensional Laser Scanner

18.     NextEngine CA is a corporation, founded in 2000 by Defendant Knighton, involved in the research, development, manufacturing and sale of three dimensional laser scanners.

19.     Upon information and belief, Defendant Knighton is also the chairman, Chief Executive Officer and largest shareholder of NextEngine CA.

20.     As NextEngine CA grew and developed over the years, it obtained numerous U.S. patent and trademark registrations, including the Registered Patents and Registered Marks, to bulwark its three dimensional laser scanner technology, along with related products, software, peripherals, support and accessories.

21.     NextEngine CA's flagship product is the '3D Scanner Ultra HD' laser scanner (the "3D Scanner"), which captures a physical object's exact size, shape and specifications and projects them on a computer screen as a digital three dimensional representation with utmost precision.

22.     Upon information and belief, to this day, Defendant NextEngine CA offers for sale and sells the 3D Scanner throughout the U.S. and globally via its website, www.NextEngine.com.

23.     The Registered Patents, in which Defendant Knighton is listed as an inventor, were obtained for the purpose of harboring the innovative technology and methods utilized by the 3D Scanner.

24.     Similarly, the 3D Scanner, along with its supporting software, boldly features the NEXTENGINE mark, combined with the stylized gear logo described above.

**NextEngine CA Receives an Infusion of Capital**

25.     One of the first principal investors into NextEngine CA and its promising 3D Scanner technology was Michael Gleissner, a Hong Kong businessman.

26.     Around the time that NextEngine CA was first being launched in 2000, Mr. Gleissner made a significant capital investment and acquired stock in the corporation.

27.     Thereafter, Mr. Gleissner, through his venture capital firm, Bigfoot Ventures Ltd. ("Bigfoot"), continued to provide NextEngine CA with the capital that it would need to operate. However, instead of acquiring stock in the corporation, through Bigfoot, Mr. Gleissner made a series of substantial loans to NextEngine CA between 2002 and 2005, all memorialized on September 15, 2005 in a Secured Promissory Note (the "2005 Note") between NextEngine CA and Bigfoot.

28.     On February 23, 2007, the 2005 Note, which provided that Bigfoot's loans were secured by NextEngine CA's intellectual property, including the Registered Patents and Registered Marks, was later replaced by another Secured Promissory Note (the "2007 Note") containing virtually identical material terms, with a different payment schedule.

29.     On June 2, 2008, after the 2007 Note became due and NextEngine CA was unable to make any payments, Mr. Gleissner and Defendant Knighton agreed to restructure the loan and replace the 2007 Note with a third Secured Promissory Note (the "2008 Note"), reflecting the terms of the newly restructured loan.

**NextEngine CA's Intellectual Property is Assigned to NextPat Limited**

30.     Concurrently, on June 2, 2008, for good and valuable consideration, NextEngine CA and NextPat Limited ("NextPat"), a Hong Kong private limited company also owned by Mr. Gleissner, entered into an Assignment and License Agreement (the "Agreement") by virtue of which NextPat was assigned "all of the intellectual property rights, arising in any jurisdiction in the world, that are owned by NextEngine [CA]."

31.     In turn, in Section 2(a) of the Agreement, NextPat provided NextEngine CA with an exclusive and irrevocable (subject to certain conditions being met) license to "use, make, have made, modify, create derivate works of, sell, offer to sell, import and otherwise exploit the intellectual property rights [concurrently assigned to NextPat] in all countries of the world."

32.     The Agreement also stated, in Section 2(c), that "[i]n the event the license becomes revocable, NextPat may, upon written notice to NextEngine, terminate the license."

33.     One of the conditions that explicitly permitted NextPat to terminate the exclusive license contained in the Agreement was a default by NextEngine CA in making the monthly interest and quarterly fee payments to Bigfoot, as outlined in the 2008 Note.

34.     Following a written demand by Bigfoot, on January 16, 2015, that NextEngine CA comply with its obligations pursuant to the 2008 Note, *i.e.* tender the monthly interest and quarterly fee payments, NextEngine CA never made any payments, signifying an event of default, as that occurrence was defined in the 2008 Note.

35.     Consequently, on January 20, 2017, in accordance with Section 2(c) of the Assignment and License Agreement, NextPat sent its requisite written notice to NextEngine CA and Mr. Knighton, notifying Defendants that NextPat was terminating the license granted to NextEngine CA pursuant to Section 2(a) of the Agreement.

36.     Moreover, in the January 20, 2017 letter, NextPat demanded that NextEngine CA "immediately cease and desist from any further use of the intellectual property rights

granted by NextPat in Section 2(a) of the Agreement, including but not limited to, the sale of products or services utilizing NextPat's intellectual property rights."

37.    On March 31, 2017, NextPat mailed a second letter to NextEngine CA and Mr. Knighton's home address, demanding that Defendants discontinue use of NextPat's intellectual property, including the Registered Patents and Registered Marks, pursuant NextPat's termination of license agreement on January 20, 2017.

38.    Defendants knowingly and willfully ignored NextPat's termination of the license and multiple cease and desist demands, and upon information and belief, as of the current date, continue to sell and offer to sell goods and services infringing upon both the Registered Patents and the Registered Marks via www.NextEngine.com.

### NextEngine NY Enters Into the Picture

39.    Following NextEngine CA's default and NextPat's termination of the license previously granted to NextEngine CA, NextPat, for good and valuable consideration, executed a Patent Assignment Agreement [the "2017 Patent Assignment"] and a Trademark Assignment Agreement [the "2017 Trademark Assignment"], assigning, *inter alia*, the Registered Patents and Registered Marks to NextEngine NY.

40.    The 2017 Patent Assignment Agreement provided that NextPat assigned to NextEngine NY all "income, royalties and damages hereafter due or payable to [NextPat] with respect to the [Registered Patents], including, without limitation, damages and payments for present and/or future infringements and misappropriations of the [Registered Patents], along with all rights to commence legal proceedings for past, present and/or future infringements or misappropriations of the [Registered Patents]."

41.     The 2017 Trademark Assignment contained language mirroring the above, except in relation to the Registered Marks.

42.     Accordingly, as the assignee of all intellectual property rights contemplated in 2017 Patent and Trademark Assignments, NextEngine NY brings the instant action against NextEngine CA, as outlined in further detail below.

## CLAIMS FOR RELIEF

### COUNT I – DIRECT PATENT INFRINGEMENT
*(against Defendant NextEngine CA pursuant to 35 U.S.C. 271(a))*

43.     Plaintiff hereby repeats each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

44.     Since at least January 20, 2017, when NextPat duly terminated the license provided to Defendant NextEngine CA in the 2008 Agreement, Defendant NextEngine CA was on notice that the continued sales of the 3D Scanner, the invention and technology that the Registered Patents were specifically registered to protect, constituted direct infringement of Plaintiff's Registered Patents.

45.     Defendant NextEngine CA has been, and is currently, directly infringing at least claims 1 to 19 of the '684 Patent, claims 1 to 18 of the '302 Patent, claims 1 to 6 of the '995 Patent and claims 1-19 of the '834 Patent by, among other things, making, using, selling and/or offering for sale the 3D Scanner.

46.     By infringing Plaintiff's Registered Patents, Defendant NextEngine CA has caused Plaintiff to suffer irreparable harm and injury. Defendant NextEngine CA is acting in direct violation of Plaintiff's rights pursuant to 35 U.S.C. § 271 to exclude others from making, using, selling and/or offering for sale products promoted

specifically for the purpose of practicing the patented technology, claims and methods outlined in the Registered Patents.

47.    Defendant NextEngine CA's ongoing infringement of Plaintiff's Registered Patents has been, and continues to be, knowing, willful and deliberate.

48.    As a direct and proximate consequence of the infringing acts and practices of Defendant NextEngine CA, Plaintiff has been, is being, and unless such acts and practices are enjoined by the Court, will continue to be irreparably injured in its intellectual property and related rights and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled relief pursuant to 35 U.S.C. § 284.

49.    Plaintiff has no adequate remedy at law.

### COUNT II – INDIRECT PATENT INFRINGEMENT
*(against Defendant Knighton pursuant to 35 U.S.C. 271(b))*

50.    Plaintiff hereby repeats each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

51.    As the principal actor behind NextEngine CA, by virtue of his status as the founder and Chief Executive Officer, Defendant Knighton directed and controlled the decision to sell and offer to sell the 3D Scanner, which utilizes the patented technology and methods now owned by NextEngine NY, to customers located in this District.

52.    Since at least January 20, 2017, when NextPat duly terminated the license provided to NextEngine CA in the 2008 Agreement, Defendant Knighton was on notice that the continued sales of the 3D Scanner by his corporation constituted direct infringement of Plaintiff's Registered Patents.

11

53.     NextPat's second cease and desist letter, mailed by Certified Mail to NextEngine CA, as well as Defendant Knighton's home address, on March 31, 2017 likewise had no effect.

54.     Defendant Knighton has been, and is currently, indirectly infringing at least claims 1 to 19 of the '684 Patent, claims 1 to 18 of the '302 Patent, claims 1 to 6 of the '995 Patent and claims 1-19 of the '834 Patent by actively inducing his corporation to infringe Plaintiff's Registered Patents by, among other things, making, using, selling and/or offering for sale the 3D Scanner.

55.     There is no doubt that Defendant Knighton's inducement of infringement is knowing and willful. He himself is listed as an inventor of the Registered Patents and was directly responsible for NextEngine CA originally filing applications for the Registered Patents. He has direct and personal knowledge of each and every claim contained in the Registered Patents, which were filed specifically for protecting the technology, claims and methods utilized by the 3D Scanner, his invention.

56.     Defendant Knighton has been and is currently inducing infringement of at claims 1 to 19 of the '684 Patent, claims 1 to 18 of the '302 Patent, claims 1 to 6 of the '995 Patent and claims 1-19 of the '834 Patent by, amongst other things, personally taking part in the commission of the infringement of the Registered Patents and/or specifically directing other officers, agents or employees of NextEngine CA to commit the infringement, being directly responsible for the design, production, manufacturing, marketing and selling of the 3D Scanner, benefitting from the sales of the 3D Scanner and actively and knowingly assisting with NextEngine's infringement

of the Registered Patents, with specific intent to induce his corporation to infringe upon the Registered Patents.

57.    Defendant Knighton, as the founder, Chief Executive Officer and principal decision maker of NextEngine CA has actively, substantially and knowingly induced NextEngine CA's infringement of Plaintiff's Registered Patents and is jointly and personally responsible for such infringement.

58.    By inducing the infringement of the Registered Patents and related activities by NextEngine CA, Defendant Knighton has caused Plaintiff to suffer irreparable harm and injury. Defendant Knighton is acting in direct violation of Plaintiff's rights pursuant to 35 U.S.C. § 271 to exclude others from making, using, selling and/or offering for sale products promoted specifically for the purpose of practicing the patented technology, claims and methods outlined in the Registered Patents.

59.    Defendant Knighton's induced infringement of the Registered Patents has been, and continues to be, knowing, willful and deliberate, with the specific intent to cause his corporation to infringe upon Plaintiff's Registered Patents.

60.    As a direct and proximate consequence of the acts and practices of Defendant Knighton, *i.e.* inducing NextEngine CA's infringement of Plaintiff's Registered Patents, Plaintiff has been, is being, and unless such acts and practices are enjoined by the Court, will continue to be irreparably injured in its intellectual property and related rights and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled relief pursuant to 35 U.S.C. § 284.

61.    Plaintiff has no adequate remedy at law.

## COUNT III – TRADEMARK INFRINGEMENT
*(against Defendant NextEngine CA pursuant to 15 U.S.C. § 1114(a))*

62.    Plaintiff hereby repeats each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

63.    By virtue of over a decade of extensive use in connection with the 3D Scanner, Plaintiff's Registered Marks have become well known in the market for three dimensional laser scanners. The Registered Marks have accumulated substantial goodwill in the applicable market and immediately indicate to consuming public that the products and services featuring such marks come from, or are sponsored or approved by Plaintiff, as the rightful assignee of the Registered Marks and their accumulated goodwill.

64.    As a result of the license termination letter tendered to Defendants on January 20, 2017, and the follow-up cease and desist letter on March 31, 2017, Defendant NextEngine CA possesses actual knowledge that its continued sale of the 3D Scanner bearing Plaintiff's Registered Marks constitutes unauthorized use of Plaintiff's intellectual property that has caused, and will likely continue to cause, confusion, mistake or deception amongst the consuming public.

65.    Defendant NextEngine CA's use of Plaintiff's Registered Marks to advertise, market, promote, distribute, offer for sale, and sell the 3D Scanner and related goods and services is likely to cause confusion, mistake and/or deceive the consuming public into believing that Defendant NextEngine CA is a licensee, authorized distributor or affiliate of Plaintiff, that Defendant NextEngine CA's goods and services are authorized, endorsed, sponsored or approved by Plaintiff and/or that

Defendant NextEngine CA's goods and services originate from, are associated or affiliated with, or are connected to, Plaintiff or vice versa.

66.     Consequently, NextEngine CA's unauthorized advertising and sales of goods and services bearing Plaintiff's Registered Marks, and related acts and conduct, constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

67.     Upon information and belief, Defendant NextEngine CA's foregoing acts have been, and will continue to be, willful, deliberate and in bad faith.

68.     Defendant NextEngine's conduct is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the consuming public until enjoined by this Court.

69.     Upon information and belief, Defendant NextEngine CA has received substantial revenues and substantial profits arising out of the unauthorized use and exploitation of Plaintiff's Registered Marks to which it is not entitled in law or equity, and Plaintiff has also suffered damages as a result of Defendant NextEngine CA's unauthorized use of Plaintiff's Registered Marks, for which Defendant NextEngine CA is responsible.

70.     Plaintiff has no adequate remedy at law.

**COUNT IV – CONTRIBUTORY TRADEMARK INFRINGEMENT**
*(against Defendant Knighton pursuant to 15 U.S.C. § 1114(a))*

71.     Plaintiff hereby repeats each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

72.     By virtue of over a decade of extensive use in connection with the 3D Scanner, Plaintiff's Registered Marks have become well known in the market for three

dimensional laser scanners. The Registered Marks have accumulated substantial

goodwill in the applicable market and immediately indicate to consuming public that

the products and services featuring such marks come from, or are sponsored or

approved by Plaintiff, as the rightful assignee of the Registered Marks and their

accumulated goodwill.

73.     As a result of the license termination letter tendered to Defendant Knighton on

January 20, 2017 and the follow-up cease and desist letter on March 31, 2017, also

mailed to his home address by Certified Mail, Defendant Knighton possesses actual

knowledge that the continued sale of the 3D Scanner bearing Plaintiff's Registered

Marks constitutes unauthorized use of Plaintiff's intellectual property that has caused,

and will likely continue to cause, confusion, mistake or deception amongst the

consuming public.

74.     Defendant Knighton has knowingly induced, caused and materially contributed

to his corporation's use of Plaintiff's Registered Marks to advertise, market, promote,

distribute, offer for sale, and sell the 3D Scanner and related goods and services,

leading to a substantial likelihood of confusion, mistake and/or deception amongst the

consuming public, resulting in consumers believing that Defendant NextEngine CA is

a licensee, authorized distributor or affiliate of Plaintiff, that Defendant NextEngine

CA's goods and services are authorized, endorsed, sponsored or approved by Plaintiff

and/or that Defendant NextEngine CA's goods and services originate from, are

associated or affiliated with, or are connected to, Plaintiff or vice versa.

75.     Consequently, Defendant Knighton's knowing and willful inducement, support

and material contribution to his corporation's unauthorized advertising and sales of

goods and services bearing Plaintiff's Registered Marks, and related acts and conduct, constitutes contributory trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

76.     Upon information and belief, Defendant Knighton is personally taking part in the commission of the infringement of the Registered Trademarks and/or specifically directing other officers, agents or employees of NextEngine CA to commit the infringement, being directly responsible for the design, production, manufacturing, marketing and selling of the 3D Scanner, benefitting from the sales of the 3D Scanner and actively and knowingly assisting with NextEngine's infringement of the Registered Trademarks, with specific intent to induce his corporation to infringe upon the Registered Trademarks.

77.     Upon information and belief, Defendant Knighton's foregoing acts have been, and will continue to be, willful, deliberate and in bad faith, with the specific intent to cause his corporation to infringe upon Plaintiff's Registered Marks.

78.     Defendant Knighton's conduct is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the consuming public until enjoined by this Court.

79.     Upon information and belief, Defendant Knighton has received substantial revenues and substantial profits arising out of his corporation's unauthorized use and exploitation of Plaintiff's Registered Marks to which it is not entitled in law or equity, and Plaintiff has also suffered damages as a result of Defendant NextEngine CA's unauthorized use of Plaintiff's Registered Marks, for which Defendant Knighton is personally responsible.

80.     Plaintiff has no adequate remedy at law.

### COUNT V – UNFAIR COMPETITION
*(against Defendant NextEngine CA pursuant to 15 U.S.C. § 1125(a))*

81.     Plaintiff hereby repeats each and every allegation set forth in the preceding

paragraphs of this Complaint as if fully set forth herein.

82.     By virtue of over a decade of extensive use in connection with the 3D Scanner,

Plaintiff's Registered Marks have become well known in the market for three

dimensional laser scanners. The Registered Marks have accumulated substantial

goodwill in the applicable market and immediately indicate to consuming public that

the products and services featuring such marks come from, or are sponsored or

approved by Plaintiff, as the rightful assignee of the Registered Marks and their

accumulated goodwill.

83.     As a result of the license termination letter tendered to Defendants on January 20,

2017 and the follow-up cease and desist letter on March 31, 2017, Defendant

NextEngine CA possesses actual knowledge that its continued sale of the 3D Scanner

bearing Plaintiff's Registered Marks constitutes unauthorized use of Plaintiff's

intellectual property that has caused, and will likely continue to cause, confusion,

mistake or deception amongst the consuming public.

84.     Defendant NextEngine CA's use of Plaintiff's Registered Marks to advertise,

market, promote, distribute, offer for sale, and sell the 3D Scanner and related goods

and services is likely to cause confusion, mistake and/or deceive the consuming

public into believing that Defendant NextEngine CA is a licensee, authorized

distributor or affiliate of Plaintiff, that Defendant NextEngine CA's goods and

services are authorized, endorsed, sponsored or approved by Plaintiff and/or that

Defendant NextEngine CA's goods and services originate from, are associated or affiliated with, or are connected to, Plaintiff or vice versa.

85.     Consequently, Defendant Knighton's knowing and willful inducement, support and material contribution to his corporation's unauthorized advertising and sales of goods and services bearing Plaintiff's Registered Marks, and related acts and conduct, constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

86.     Upon information and belief, Defendant NextEngine CA's foregoing acts have been, and will continue to be, willful, deliberate and in bad faith.

87.     Defendant NextEngine's conduct is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the consuming public until enjoined by this Court.

88.     Upon information and belief, Defendant NextEngine CA has received substantial revenues and substantial profits arising out of the unauthorized use and exploitation of Plaintiff's Registered Marks to which it is not entitled in law or equity, and Plaintiff has also suffered damages as a result of Defendant NextEngine CA's unauthorized use of Plaintiff's Registered Marks, for which Defendant NextEngine CA is responsible.

89.     Plaintiff has no adequate remedy at law.

### COUNT VI – CONTRIBUTORY UNFAIR COMPETITION
*(against Defendant Knighton pursuant to 15 U.S.C. § 1125(a))*

90.     Plaintiff hereby repeats each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

91.     By virtue of over a decade of extensive use in connection with the 3D Scanner, Plaintiff's Registered Marks have become well known in the market for three dimensional laser scanners. The Registered Marks have accumulated substantial goodwill in the applicable market and immediately indicate to consuming public that the products and services featuring such marks come from, or are sponsored or approved by Plaintiff, as the rightful assignee of the Registered Marks and their accumulated goodwill.

92.     As a result of the license termination letter tendered to Defendant Knighton on January 20, 2017 and the follow-up cease and desist letter on March 31, 2017, also mailed to his home address, Defendant Knighton possesses actual knowledge that the continued sale of the 3D Scanner bearing Plaintiff's Registered Marks constitutes unauthorized use of Plaintiff's intellectual property that has caused, and will likely continue to cause, confusion, mistake or deception amongst the consuming public.

93.     Defendant Knighton has knowingly induced, caused and materially contributed to his corporation's use of Plaintiff's Registered Marks to advertise, market, promote, distribute, offer for sale, and sell the 3D Scanner and related goods and services, leading to a substantial likelihood of confusion, mistake and/or deception amongst the consuming public, resulting in consumers believing that Defendant NextEngine CA is a licensee, authorized distributor or affiliate of Plaintiff, that Defendant NextEngine CA's goods and services are authorized, endorsed, sponsored or approved by Plaintiff and/or that Defendant NextEngine CA's goods and services originate from, are associated or affiliated with, or are connected to, Plaintiff or vice versa.

94.     Consequently, Defendant Knighton's knowing and willful inducement, support
and material contribution to his corporation's unauthorized advertising and sales of
goods and services bearing Plaintiff's Registered Marks, and related acts and conduct,
constitutes contributory unfair competition in violation of Section 43(a) of the
Lanham Act, 15 U.S.C. § 1125(a).

95.     Upon information and belief, Defendant Knighton is personally taking part in the
commission of the infringement of the Registered Trademarks and/or specifically
directing other officers, agents or employees of NextEngine CA to commit the
infringement, being directly responsible for the design, production, manufacturing,
marketing and selling of the 3D Scanner, benefitting from the sales of the 3D Scanner
and actively and knowingly assisting with NextEngine's infringement of the
Registered Trademarks, with specific intent to induce his corporation to infringe upon
the Registered Trademarks.

96.     Upon information and belief, Defendant Knighton's foregoing acts have been, and
will continue to be, willful, deliberate and in bad faith, with the specific intent to
cause his corporation to infringe upon Plaintiff's Registered Marks.

97.     Defendant Knighton's conduct is causing immediate and irreparable injury to
Plaintiff and will continue to both damage Plaintiff and deceive the consuming public
until enjoined by this Court.

98.     Upon information and belief, Defendant Knighton has received substantial
revenues and substantial profits arising out of his corporation's unauthorized use and
exploitation of Plaintiff's Registered Marks to which it is not entitled in law or equity,
and Plaintiff has also suffered damages as a result of Defendant NextEngine CA's

unauthorized use of Plaintiff's Registered Marks, for which Defendant Knighton is personally responsible.

99. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff demands judgment against Defendants, jointly, severally and alternatively as follows:

A. That Defendants' conduct willfully infringes, or induces the infringement of, Plaintiff's Registered Patents, willfully infringes, or induces the infringement of, Plaintiff's Registered Trademarks, unfairly competes with, or induces unfair competition with, Plaintiff, all in violation of 35 U.S.C. § 271, *et. seq.,* and Lanham Act Sections 32 and 43(a), 15 U.S.C. §§ 1114 and 1125;

B. That pursuant to 35 U.S.C. § 283 and the equity jurisdiction of this Court, Defendants and their officers, agents, employees, representatives, and all persons in privity therewith, be preliminarily and permanently enjoined and restrained from engaging in acts of infringement of Plaintiff's Registered Patents;

C. That pursuant to 15 U.S.C. § 1116 and the equity jurisdiction of this Court, Defendants and their officers, agents, employees, representatives, and all persons in privity therewith be preliminarily and permanently enjoined and restrained from engaging in acts of infringement of Plaintiff's Registered Marks;

D. That Defendants be directed provide Plaintiff an accounting of all profits that they have obtained by consequence of Defendants' direct patent infringement, indirect patent infringement, trademark infringement, contributory trademark

infringement, unfair competition and contributory unfair competition, as
enumerated herein;

E.   That Defendants be directed to pay over to Plaintiff any and all damages which it
has sustained by consequence of Defendants' direct patent infringement, indirect
patent infringement, trademark infringement, contributory trademark
infringement, unfair competition and contributory unfair competition, as
enumerated herein;

F.   That, because of the willful nature of the infringements, the amounts of actual
damages be trebled as provided for in 15 U.S.C. § 1117 and 35 U.S.C. § 284;

G.   That Defendants and their officers, agents, employees, or representatives, and all
persons in privity with Defendants be required to file with this Court and serve
upon Plaintiff's counsel a report, in writing and under oath, setting forth in detail
the manner and form in which Defendants have complied with the terms of the
injunction;

H.   That Defendants be required to provide Plaintiff with an accurate inventory of all
goods infringing upon Plaintiff's Registered Patents and/or bearing Plaintiff's
Registered Trademarks which are currently held in stock by Defendants or which
have already been sold by Defendants;

I.   That Defendants be required to provide Plaintiff with a complete listing of all
buyers, retailers and distributors which Defendants have solicited for purchase of
goods infringing upon Plaintiff's Registered Patents and/or bearing Plaintiff's
Registered Trademarks, as well as complete list of buyers, retailers and

distributors who have sold goods infringing upon Plaintiff's Registered Patents and/or bearing Plaintiff's Registered Trademarks.

J.   A Declaration that this case is "exceptional" within the meaning of 15 U.S.C. § 1117 and 35 U.S.C. § 285, and awarding Plaintiff its reasonable costs and attorneys' fees based thereon;

K.   Such other and further relief, in law or equity, that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated:  New York, New York
        December 14, 2017

                                        **Morton & Associates LLP**


                                        By:_____
                                        Roman A. Popov, Esq. (RP7625)
                                        *Attorney for Plaintiff*
                                        246 West Broadway
                                        New York, NY 10013
                                        Tel: (212) 468-5511
                                        Fax: (212) 508-0888
                                        rp@moas.com