UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEXTENGINE INC.,
                    Plaintiff,

-v-

NEXTENGINE, INC. and MARK S. KNIGHTON,
                    Defendants.

17-CV-9785 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff NextEngine, Inc. ("NextEngine NY") brings this action against Defendants NextEngine, Inc. ("NextEngine CA") and Mark S. Knighton ("Knighton") (collectively, "Defendants"), alleging patent infringement under 35 U.S.C. § 271, as well as trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114(a), 1125(a). (Dkt. No. 1 ("Compl.") ¶¶ 43–99.)  Defendants moved to dismiss the action for improper venue and lack of personal jurisdiction. (Dkt. No. 17.)  While the motion was pending, the Court invited the parties to address the possibility of transferring the action to the U.S. District Court for the Central District of California. (Dkt. No. 22.)

    For the reasons that follow, the Court orders that this action be transferred to the Central District of California.  Accordingly, Defendants' motion is denied as moot.

**I.    Background**

    The following facts are taken from the Complaint and the parties' submissions regarding the motion to dismiss.  Allegations in the Complaint are assumed to be true for the purposes of this opinion.

    Plaintiff NextEngine NY is a corporation organized under the laws of, and having its principal place of business in, the State of New York. (Compl. ¶ 2.)  Defendant NextEngine CA

1

is a corporation that is incorporated under the laws of Delaware and has a principal place of business in Santa Monica, California. (Compl. ¶ 3.) It is involved in "the research, development, manufacturing and sale of three dimensional laser scanners." (Compl. ¶ 18.) Defendant Knighton is the founder and CEO of NextEngine CA. (Compl. ¶¶ 18–19.) He is domiciled in Santa Monica, California. (Compl. ¶ 4.)

This case involves four patents pertaining to three-dimensional laser scanning (Compl. ¶¶ 10–14), as well as two registered trademarks: the name "NEXTENGINE" and a gear-shaped logo (Compl. ¶¶ 15–17). According to the Complaint, NextEngine CA once owned the patents and trademarks at issue in this case. (Compl. ¶ 20.) But through a series of financial agreements NextEngine CA sold its entire portfolio of intellectual property rights and lost an exclusive license to use those rights (Compl. ¶¶ 28–35), and the patents and trademarks at issue were subsequently assigned to NextEngine NY (Compl. ¶¶ 39–41).

Asserting ownership of these patents and trademarks, NextEngine NY now sues Defendants NextEngine CA and Knighton alleging their infringement. NextEngine NY filed this action against Defendants on December 14, 2017, alleging direct patent infringement, trademark infringement, and unfair competition against NextEngine CA (Counts I, III, V), and indirect patent infringement, contributory trademark infringement, and contributory unfair competition against Knighton (Counts II, IV, VI). (*See* Compl. ¶¶ 43–99.) In response to the Complaint, Defendants filed a motion to dismiss for improper venue under Rule 12(b)(3) and lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 17.)

## II.     Legal Standard

"On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper." *Cartier v. Micha, Inc.*, No. 06 Civ. 4699, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007). Unless the court holds an evidentiary hearing,

however, "the plaintiff need only make a *prima facie* showing of venue." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (brackets omitted) (quoting *CutCo Indus. v. Naughton*, 806 F.2d 361, 364–65 (2d Cir. 1986)). In analyzing whether the plaintiff has met this burden, courts must view "all facts in the light most favorable to the non-moving party." *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011). "A court may consider facts outside of the pleadings when resolving a motion to dismiss for improper venue." *Peerless Network, Inc. v. Blitz Telecom Consulting, LLC*, No. 17 Civ. 1725, 2018 WL 1478047, at *2 (S.D.N.Y. Mar. 26, 2018). Furthermore, "in a case of multiple claims, proper venue must be established with respect to each cause of action asserted." *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 386 (S.D.N.Y. 2010) (quoting *Rothstein v. Carriere*, 41 F. Supp. 2d 381, 386 (E.D.N.Y. 1999)).

### III. Discussion

Defendants move to dismiss the Complaint on the grounds that venue is improper in the Southern District of New York, and in the alternative that this Court lacks personal jurisdiction over Defendants. (Dkt. No. 17.) The Court first addresses the question of venue and, concluding that venue is improper in this District as to Plaintiff's patent infringement claims, the Court then addresses whether to transfer the action to a district where venue is proper.

#### A. Venue for Plaintiff's Patent Infringement Claims

A suit for patent infringement may be brought either in "the judicial district where the defendant resides," or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Moreover, "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017).

3

According to Defendants, the first prong of § 1400(b) is not satisfied in the Southern District of New York, because Knighton resides in California and NextEngine CA resides in Delaware. (Dkt. No. 18 at 4.) Nor is the second prong satisfied, they contend, because Defendants do not possess a "regular and established place of business" in New York and the alleged infringement did not take place in New York. (Dkt. No. 18 at 5.) Plaintiff makes no affirmative argument that § 1400(b) is satisfied here, seeming to concede that venue is improper in this District for the patent claims in their own right. (*See* Dkt. No. 20 at 3–9.) Rather, Plaintiff argues that venue is proper in the Southern District for its Lanham Act claims under § 1391(b), and that the Court should exercise pendent venue over the patent claims. (Dkt. No. 20 at 4–7.)

"Under the pendent venue doctrine, 'a federal court may in its discretion hear pendent claims which arise out of the same nucleus of operative fact as a properly venued federal claim, even if venue of the pendent claim otherwise would not lie.'" *Jenny Yoo Collection, Inc. v. Watters Design Inc.*, No. 16 Civ. 2205, 2017 WL 4997838, at *7 (S.D.N.Y. Oct. 20, 2017) (quoting *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000)).

Where "a party advocates exercise of pendent venue over an additional federal claim which is subject to its own specific venue provisions, courts have generally taken one of two approaches." *Garrel v. NYLCare Health Plans, Inc.*, No. 98 Civ. 9077, 1999 WL 459925, at *5 (S.D.N.Y. June 29, 1999). First, under the "specific venue" approach, "some courts have found that the more specific venue provisions control, and have required that the case be brought in a venue which satisfies the more specific statute." *Id.*; *see Sompo Japan Ins. Co. of Am. v. Yang Ming Marine Transp. Corp.*, 578 F. Supp. 2d 584, 595 (S.D.N.Y. 2008). Second, under the "primary claim" approach, "some courts determine which of the two federal claims is the

'primary' claim, and apply the venue statute applicable to that claim." *Garrel*, 1999 WL 459925, at *5; *see Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 649 (S.D.N.Y. 2008). Ultimately, in determining whether to exercise pendent venue in its discretion, "a court must consider factors such as judicial economy, convenience to the parties and the court system, avoidance of piecemeal litigation and fairness to the litigants." *Basile*, 717 F. Supp. 2d at 387 (quoting *Hsin Ten Enter. USA, Inc.*, 138 F. Supp. 2d at 462).

Plaintiff NextEngine NY contends that the Court should apply the "primary claim" approach, and exercise pendent jurisdiction here because the trademark and unfair competition claims are the "primary claims" in the Complaint. (Dkt. No. 20 at 7.) By contrast, Defendants rely on the "specific venue" approach, and argue that pendent venue cannot be exercised over patent infringement claims. (Dkt. No. 21 at 2–4.) Defendants have the better argument.

In *TC Heartland LLC v. Kraft Foods Group Brands LLC*, the Supreme Court recently reaffirmed "that § 1400(b) 'is the sole and exclusive provision controlling venue in patent infringement actions, and is not to be supplemented by [the general venue provision].'" 137 S. Ct. at 1519 (ellipses omitted) (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957)). Exercising pendent venue over patent infringement claims—by allowing claims that are properly venued under the general provisions of § 1391 to create a penumbra of venue for patent claims—is tantamount to supplementing the exclusive patent venue provision in § 1400(b). Such an approach would render the restrictions on venue in patent infringement actions a nullity any time a plaintiff managed to allege significant non-patent claims arising from the same set of facts.

The Court acknowledges that in one case on which Plaintiff relies from 2000—*Hsin Ten Enterprise USA, Inc. v. Clark Enterprises*—a court in this District went against the weight of

precedent by applying the "primary claim" approach and holding that pendent venue could be exercised over patent infringement claims. 138 F. Supp. 2d at 463–64. But importantly, this decision in *Hsin* was premised on a broad interpretation of the patent venue statute that the Supreme Court subsequently rejected. *See TC Heartland LLC*, 137 S. Ct. at 1520–21; *Wet Sounds, Inc. v. PowerBass USA, Inc.*, No. 17 Civ. 3258, 2018 WL 1811354, at *3 (S.D. Tex. Apr. 17, 2018) ("The pendulum has now swung back. The patent venue statute is undeniably more strict now, post-*TC Heartland*, than it was in 2000, when the *Hsin Ten* court found pendent venue appropriate."). For this reason, in a recent case, a court in this District no longer found "the *Hsin* court's determination compelling" in the wake of *TC Heartland*. *Jenny Yoo Collection, Inc.*, 2017 WL 4997838, at *7. As a result, that court "refuse[d] to apply the pendent venue doctrine" to a patent infringement claim. *Id.* This Court will do the same here.

The Court thus concludes that the "specific venue" approach is appropriate when faced with a request to exercise pendent venue over patent infringement claims. Here, Plaintiff's patent infringement claims are subject to a more restrictive venue provision, 28 U.S.C. § 1400(b), whereas its trademark and unfair competition claims are subject to the broad, general venue provision, 28 U.S.C. § 1391(b). As such, the Court declines to exercise pendent venue over Plaintiff's patent infringement claims. *See Nat'l Prods., Inc. v. Arkon Res., Inc.*, No. 15 Civ. 1984, 2018 WL 1457254, at *7 (W.D. Wash. Mar. 23, 2018); *Jenny Yoo Collection, Inc.*, 2017 WL 4997838, at *7; *see also Cal. Expanded Metal Prods. Co. v. Klein*, No. 18 Civ. 242, 2018 WL 2041955, at *2 (C.D. Cal. Apr. 30, 2018) ("In the wake of *TC Heartland*[] . . . the specificity-focused approach weighs against the application of pendent venue to cases involving patent claims.").

6

This conclusion best serves the interests of "judicial economy, convenience to the parties and the court system, avoidance of piecemeal litigation and fairness to the litigants." *Basile*, 717 F. Supp. 2d at 387. Declining to exercise pendent venue over the patent infringement claims will not lead to piecemeal litigation because the Court will transfer the entire case to the Central District of California, as discussed below. And allowing Plaintiff's claims to be brought in California—where Defendants are based, where evidence of their alleged infringement can be found, and where Defendants are engaged in several lawsuits regarding the intellectual property at issue here (allegedly against Plaintiff's real party in interest) (Dkt. No. 18 at 2–3)—will further judicial economy, convenience to the court system, and fairness to the parties.

Accordingly, because Plaintiff's patent infringement claims cannot satisfy the requirements of § 1400(b) and the Court declines to exercise pendent venue, venue in the Southern District of New York is improper as to Plaintiff's patent infringement claims.

### B. Transfer to the Central District of California

Because venue is not proper in the Southern District of New York as to the patent claims, these claims "must either be (1) dismissed or (2) severed and transferred to a proper venue," or (3) as "[a]n alternative to either course of action," the entire case could be transferred. *Jones v. Trump*, 919 F. Supp. 583, 588 (D. Conn. 1996) (citing 28 U.S.C. § 1406(a); 2A James Wm. Moore, Moore's Federal Practice ¶ 12.07[2.–3], at 12–78 (2d ed. 1995)). The Court determines that the third course of action is appropriate here.[1]

---

[1] Defendants argue for a fourth course of action, contending that because venue is improper as to the patent infringement claims, the entire action must be dismissed. (Dkt. No. 18 at 3; Dkt. No. 24 at 2.) But it is unclear whether dismissal of the entire action is a permissible result under the circumstances. *See Jones*, 919 F. Supp. at 588 (discussing possible resolutions where venue is improper as to some claims, but not dismissal of the action as a whole); *Nat'l Prods., Inc.*, 2018 WL 1457254, at *7 (discussing the possibility of severing an improperly venued patent claim or transferring the case, but not dismissing the action as a whole); *Sompo*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) "gives district courts wide latitude to decide whether to transfer venue." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 742 (S.D.N.Y. 2013). This latitude includes the "discretion to transfer a case *sua sponte* under 28 U.S.C. § 1404," provided the court gives the parties notice and an opportunity to be heard prior to the transfer. *Benjamin v. City of N.Y.*, No. 15 Civ. 2220, 2015 WL 1632459, at *1 (S.D.N.Y. Apr. 13, 2015); *see also Bona v. Barasch*, No. 01 Civ. 2289, 2003 WL 1395932, at *36 (S.D.N.Y. Mar. 20, 2003). Here, the Court alerted the parties to the possibility that the action could be transferred to the District of Central California and invited their positions on the subject. (Dkt. No. 22.) The parties filed letters in response, in which Plaintiff opposed transfer and Defendants urged dismissal of the action but declined to take a position regarding transfer. (Dkt. Nos. 23 & 24.)

In deciding whether to "transfer venue under § 1404(a), courts inquire, first, 'whether the action could have been brought in the transferee district and . . . [second,] whether transfer would be an appropriate exercise of the Court's discretion.'" *Everlast World's Boxing Headquarters Corp.*, 928 F. Supp. 2d at 743 (quoting *Robertson v. Cartinhour,* No. 10 Civ. 8442, 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011)). Under the second step,

> Assessing whether transfer is a valid exercise of discretion requires the Court to balance various factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of

---

*Japan Ins. Co. of Am.*, 578 F. Supp. 2d at 597 (dismissing an action—including properly venued claims—so that it could be refiled in the proper jurisdiction). However, the Court need not decide this question because transfer of the entire action is proper here.

> process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice."

*Id.*

The first condition is satisfied here: Because Defendant Knighton resides in the Central District of California, and Defendant NextEngine CA "has a regular and established place of business" in the Central District of California and has allegedly committed acts of infringement there, venue would be proper in that district. 28 U.S.C. 1400(b).

Furthermore, the balance of factors under the second step favors a transfer to the Central District of California. "Defendant NextEngine Inc.'s nerve center and principal place of business is in Santa Monica, CA." (Dkt. No. 23 at 1.) The defense witnesses, the company's documents, and the locus of facts pertaining to the alleged infringement and unfair competition are thus based in the Central District of California. Furthermore, Defendants are already engaged in litigation in that district regarding ownership of the intellectual property at stake in this case. *See NextEngine, Inc. v. Bigfoot Ventures Ltd.*, No. 17 Civ. 1960, Dkt. No. 1 (C.D. Cal.) (alleging, *inter alia*, trademark infringement and conversion). And that litigation is against "entities linked to [NextEngine NY's] principal." (Dkt. No. 23 at 5; Dkt. No. 18 at 2–3.) It would be convenient to the parties—and any principals and real parties in interest—to litigate this related dispute in the same court. Moreover, because the patent claims cannot proceed in this District, it would best serve the interest of trial efficiency and judicial economy for the entire case to be transferred to an appropriate forum so that these claims can be pursued together. Overall, the Court concludes that it is in the interests of justice to transfer this action.[2]

---

[2] Concluding that venue is improper in this District as to the patent infringement claims, and that personal jurisdiction would likely exist in the Central District of California, the Court

**IV.    Conclusion**

For the foregoing reasons, it is hereby ORDERED that this action be transferred to the U.S. District Court for the Central District of California.  Pursuant to Local Civil Rule 83.1, the Clerk shall, upon the expiration of seven days, effectuate the transfer of the case to the Central District of California.

Accordingly, Defendants' motion to dismiss for improper venue and lack of personal jurisdiction is DENIED AS MOOT.

The Clerk of Court is directed to close the motion at Docket Number 17.

SO ORDERED.

Dated: January 2, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

does not reach Defendants' motion to dismiss for lack of personal jurisdiction.  *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (holding that when a defendant challenges both personal jurisdiction and venue, a court may consider venue first "when there is a sound prudential justification for doing so"); *see also Peerless Network, Inc.*, 2018 WL 1478047, at *5 (declining to address personal jurisdiction after transferring action for improper venue); *Everlast World's Boxing Headquarters Corp.*, 928 F. Supp. 2d at 741 ("Where personal jurisdiction would likely exist in the transferee district over a defendant who contests personal jurisdiction in the Southern District of New York, it is 'prudentially appropriate to address venue first since a decision to transfer would render personal jurisdiction analysis with respect to the Southern District irrelevant.'" (brackets omitted) (quoting *Basile*, 717 F. Supp. 2d at 385–86)).